GENGA & ASSOCIATES, P.C.
JOHN M. GENGA (SB# 125522)
KHURRAM A. NIZAMI (SB# 249835)
15260 Ventura Boulevard, Suite 1810
Sherman Oaks, California 91403
Telephone: (818) 444-4580
Facsimile: (818) 444-4585

Attorneys for Defendants
MIDLAND CREDIT MANAGEMENT, INC.
and MIDLAND FUNDING, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY SERGENT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br><br>MIDLAND CREDIT MANAGEMENT, MIDLAND FUNDING LLC and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: CV11-02571 DSF (EX)<br><br>**FIRST AMENDED ANSWER OF MIDLAND CREDIT MANAGEMENT, INC. AND MIDLAND FUNDING, LLC TO FIRST AMENDED COMPLAINT** |

As and for its amended answer to the first amended complaint filed against them on or about March 28, 2011 (the "Complaint") by plaintiff Jerry Sergent ("Plaintiff"), defendants Midland Credit Management, Inc. and Midland Funding, LLC ("Midland" or "Defendants") hereby deny, admit and allege as follows:

1. Answering paragraph 1 of the Complaint, Defendants deny the allegations thereof, and refer to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788 *et seq.* ("RFDCPA"), for the provisions thereof.

2.	Answering paragraph 2 of the Complaint, Defendants lack sufficient information to form a belief as to Plaintiff's residency, and on that basis deny the allegations thereof.

3.	Answering paragraph 3 of the Complaint, Defendants deny the allegations thereof, except that they admit that Midland Credit Management, Inc. and Midland Funding, LLC have been named as Defendants in this Complaint.

4.	Answering paragraph 4 of the Complaint, Defendants deny the allegations thereof, except that they admit that the California Secretary of State website provides the same entity address for each Defendant.

5.	Answering paragraph 5 of the Complaint, Defendants deny the allegations thereof, except that they admit: (i) Midland Credit Management, Inc. has, at times, acted as a "debt collector" as defined by 15 U.S.C. §1692a(6) of the FDCPA; and (ii) their principal place of business is in San Diego, California.

6.	Answering paragraph 6 of the Complaint, Plaintiff states legal conclusions and Defendants presently lack sufficient information upon which to deny such allegations. Defendants deny any and all remaining allegations thereof.

7.	Answering paragraph 7 of the Complaint, Defendants refer to and incorporate by this reference all denials, admissions and allegations set forth above in paragraphs 1 through 6, as if fully restated at this point.

8.	Answering paragraph 8 of the Complaint, Defendants admit a financial obligation was owed by Plaintiff to Citibank. Defendants lack sufficient knowledge to form a belief as to whether the financial obligation at issue was incurred primarily for personal, family or household purposes and therefore can neither admit nor deny whether the obligation qualifies as a "debt" as defined by 15 U.S.C. §1692a(5) or as a "consumer debt" as defined by Cal. Civ. Code §1788.2(f), and on that basis deny such allegations. Defendants deny any and all remaining allegations thereof.

9.	Answering paragraph 9 of the Complaint, Defendants admit Midland Funding purchased the financial obligation at issue. Defendants lack sufficient knowledge

to form a belief as to whether the financial obligation at issue was incurred primarily for personal, family or household purposes and therefore can neither admit nor deny whether it qualifies as a "debt" as defined by 15 U.S.C. §1692a(5) or as a "consumer debt" as defined by Cal. Civ. Code §1788.2(f), and on that basis deny such allegations. Defendants deny any and all remaining allegations thereof.

   10. Answering paragraph 10 of the Complaint, Defendants admit Plaintiff's financial obligation at issue was referred or assigned to Midland Credit Management, Inc. for collection. Defendants lack sufficient knowledge to form a belief as to whether the financial obligation at issue was incurred primarily for personal, family or household purposes and therefore can neither admit nor deny whether it qualifies as a "debt" as defined by 15 U.S.C. §1692a(5) or as a "consumer debt" as defined by Cal. Civ. Code §1788.2(f), and on that basis deny such allegations. Defendants deny any and all remaining allegations thereof.

   11. Answering paragraph 11 of the Complaint, Defendants lack sufficient knowledge to form a belief as to whether Plaintiff was confused as to the relationship between Midland Funding, LLC and Midland Credit Management, Inc., and on that basis deny such allegations. Defendants deny any and all remaining allegations thereof.

   12. Answering paragraph 12 of the Complaint, Midland Credit Management, Inc., admits it sent Plaintiff a letter on or about August 16, 2010. Defendants lack sufficient knowledge to form a belief as to whether the financial obligation at issue was incurred primarily for personal, family or household purposes and therefore can neither admit nor deny whether it qualifies as a "debt" as defined by 15 U.S.C. §1692a(5) or as a "consumer debt" as defined by Cal. Civ. Code §1788.2(f), and on that basis deny such allegations. Defendants deny any and all remaining allegations thereof.

   13. Answering paragraph 13 of the Complaint, Defendants lack sufficient knowledge to form a belief as to whether Plaintiff sent Defendants a written request for validation of the financial obligation on or about September 23, 2010 and therefore can neither admit nor deny such allegations. Defendants also lack sufficient knowledge to

form a belief as to whether the financial obligation at issue was incurred primarily for personal, family or household purposes and therefore can neither admit nor deny whether it qualifies as a "debt" as defined by 15 U.S.C. §1692a(5) or as a "consumer debt" as defined by Cal. Civ. Code §1788.2(f), and on that basis deny such allegations. Defendants deny any and all remaining allegations thereof.

14. Answering paragraph 14 of the Complaint, Midland Credit Management, Inc., admits it sent Plaintiff a letter on or about October 14, 2010. Defendants lack sufficient knowledge to form a belief as to whether the financial obligation at issue was incurred primarily for personal, family or household purposes and therefore can neither admit nor deny whether it qualifies as a "debt" as defined by 15 U.S.C. §1692a(5) or as a "consumer debt" as defined by Cal. Civ. Code §1788.2(f), and on that basis deny such allegations. Defendants deny any and all remaining allegations thereof.

15. Answering paragraph 15 of the Complaint, Defendants deny the allegations thereof, except that Midland Credit Management, Inc. admits it sent Plaintiff a letter on or about October 14, 2010 and refers to that letter for the contents thereof.

16. Answering paragraph 16 of the Complaint, Defendants deny the allegations thereof.

17. Answering paragraph 17 of the Complaint, Defendants deny the allegations thereof.

18. Answering paragraph 18 of the Complaint, Defendants deny the allegations thereof.

19. Answering paragraph 19 of the Complaint, Defendants deny the allegations thereof.

20. Answering paragraph 20 of the Complaint, Defendants deny the allegations thereof.

21. Answering paragraph 21 of the Complaint, Defendants deny the allegations thereof.

22. Answering paragraph 22 of the Complaint, Defendants deny the allegations thereof, except that Defendants admit sending computer-generated letters.

23. Answering paragraph 23 of the Complaint, Defendants deny the allegations thereof, except that Defendants admit sending computer-generated letters.

24. Answering paragraph 24 of the Complaint, Defendants deny the allegations thereof.

25. Answering paragraph 25 of the Complaint, Defendants deny the allegations thereof.

26. Answering paragraph 26 of the Complaint, Defendants deny the allegations thereof.

27. Answering paragraph 27 of the Complaint, Defendants deny the allegations thereof.

28. Answering paragraph 28 of the Complaint, Defendants refer to and incorporate by this reference all denials, admissions and allegations set forth above in paragraphs 1 through 27, as if fully restated at this point.

29. Answering paragraph 29 of the Complaint, Defendants deny the allegations thereof, and refer to the RFDCPA for the provisions thereof.

30. Answering paragraph 30 of the Complaint, Defendants deny the allegations thereof.

31. Answering paragraph 31 of the Complaint, Defendants deny the allegations thereof.

32. Answering paragraph 32 of the Complaint, Defendants deny the allegations thereof.

33. Answering paragraph 33 of the Complaint, Defendants deny the allegations thereof.

34. Answering paragraph 34 of the Complaint, Defendants refer to and incorporate by this reference all denials, admissions and allegations set forth above in paragraphs 1 through 33, as if fully restated at this point.

AMENDED ANSWER TO FIRST AMENDED COMPLAINT

35. Answering paragraph 35 of the Complaint, Defendants lack sufficient information upon which to admit or deny the allegations thereof, and on that basis deny them.

36. Answering paragraph 36 of the Complaint, Defendants deny the allegations thereof.

37. Answering paragraph 37 of the Complaint, Defendants deny the allegations thereof.

38. Answering paragraph 38 of the Complaint, Defendants deny the allegations thereof, except that (i) Plaintiff states legal conclusions and Defendants presently lack sufficient information upon which to deny such allegations; and (ii) Defendants refer to the Federal Rules of Civil Procedure, rule 23, for the provisions thereof.

39. Answering paragraph 39 of the Complaint, Defendants deny the allegations thereof, except that (i) Plaintiff states legal conclusions and Defendants presently lack sufficient information upon which to deny such allegations; and (ii) Defendants refer to 15 U.S.C. §1692(k) for the provisions thereof.

40. Answering paragraph 40 of the Complaint, Defendants lack sufficient information upon which to admit or deny the allegations thereof, and on that basis denies them, except that Defendants refer to the Federal Rules of Civil Procedure, rule 23(b)(3), for the provisions thereof.

41. Answering paragraph 41 of the Complaint, Plaintiff states legal conclusions and Defendants lack sufficient information upon which to admit or deny the allegations thereof, and on that basis deny them.

42. Answering paragraph 42 of the Complaint, Defendants deny the allegations thereof.

## AFFIRMATIVE DEFENSES

As and for their affirmative defenses to the Complaint, and without admission as to any applicable burden of proof, Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

43.   The allegations of the Complaint fail to state a claim against either Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations/Laches)

44.   The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

### (Bona Fide Error)

45.   To the extent that any violation of law occurred, which Defendants expressly deny, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendants of procedures reasonably adapted to avoid any such error.

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

46.   The allegations in the Complaint and relief requested are, on information and belief, barred in whole or in part by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (No Willful Conduct)

47.   Defendants acted in good faith at all times in their dealings with Plaintiff, and if any conduct by Defendants is found to be unlawful, which Defendants expressly deny, such conduct was not willful and should not give rise to liability.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

48.   Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that he may have and is therefore barred from recovering damages, if any, from Defendants.

### SEVENTH AFFIRMATIVE DEFENSE
### (Waiver)

49. Plaintiff has waived his rights, if any, to recover the relief he seeks in the Complaint based upon his own conduct and admissions with respect to the financial obligation at issue.

### EIGHTH AFFIRMATIVE DEFENSE
### (Good Faith)

50. Defendants have, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

### NINTH AFFIRMATIVE DEFENSE
### (Apportionment)

51. Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendants. The liability, if any exists, of all defendants and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of these Defendants should be reduced accordingly.

### TENTH AFFIRMATIVE DEFENSE
### (Supervening Cause)

52. The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendants had or have no control.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Equitable Indemnity)

53. To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendants, which Defendants deny, Defendants are entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

### TWELFTH AFFIRMATIVE DEFENSE
### (Litigation Privilege)

54. The actions of Defendants complained of in the Complaint constitute communications that were made in good faith and in anticipation of or in connection with ongoing litigation and Plaintiff's claims are therefore barred, in whole or in part, by the litigation privilege established by applicable law.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Not a "Debt Collector")

55. Neither Defendant is a "debt collector" under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* or the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 *et seq.*

### FOURTEENTH AFFIRMATIVE DEFENSE
### (First Amendment)

56. Defendants' conduct is protected under the First Amendment of the United States Constitution and by the California Constitution. Plaintiff's proposed interpretation of the FDCPA and RFDCPA must be rejected as it would place an unreasonable restraint upon Defendants' First Amendment rights, thereby raising serious constitutional issues.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Lack of Subject Matter Jurisdiction)

57. The causes of action in the Complaint are barred for lack of jurisdiction because the subject matter of this action is governed by an agreement requiring arbitration.

### **PRAYER**

WHEREFORE, Defendants pray judgment as follows:

1. That Plaintiff take nothing by the Complaint, which should be dismissed with prejudice.

  2.  That Defendants recover their costs from Plaintiff, according to proof.

  3.  That Defendants recover their attorneys' fees from Plaintiff, according to proof.

  4.  That the Court order such other and further reasonable relief as it may deem just and proper.

DATED: July 8, 2011      GENGA & ASSOCIATES, P.C.

By: _____
Khurram A. Nizami
Attorneys for Defendants
MIDLAND CREDIT MANAGEMENT, INC.
and MIDLAND FUNDING, LLC